**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | No. MC-10-0017-PHX-FJM |
| Petitioner, ) | **ORDER** |
| vs. ) |  |
| Gordon L. Hall, ) |  |
| Respondent. ) |  |

We now have before us the United States' motion for an order releasing to the Internal Revenue Service (IRS) the $50,000 cash bond posted in this case (doc. 82). On October 30, 2010, we issued an order enforcing an IRS summons directed at respondent Gordon Hall. When Hall failed to comply with the summons, we found him in contempt of court and remanded him to the custody of the United States Marshal. On April 14, 2011, Trent Schureman, a bail bondsman, posted a $50,000 cash bond to obtain Hall's release. Schureman stated that he was the owner of the $50,000 cash. The collateral underlying the bond is allegedly owned by Hall's relatives. The IRS filed a Notice of Levy on April 19, 2011, attaching the $50,000 cash bond for taxes due and unpaid by Hall. The IRS now requests that the cash bond be exonerated and posted in favor of the United States.

The United States contends that we are obligated to honor its levy without inquiry into its validity. Citing United States v. Badger, 930 F.2d 754 (9th Cir. 1991), the IRS claims to

have an "unfettered" right to levy upon all property and rights to property belonging to a delinquent taxpayer. "[T]here is no requirement that the IRS prove what portion of property being levied upon belongs to the delinquent taxpayer before it can levy on the property." Id. at 757. If a person wants to contest the levy, he "must bring a wrongful levy action under [26 U.S.C. ] § 7426." Id. The Badger court held that a district court is without jurisdiction to consider whether the IRS' lien is valid. Instead, when faced with an IRS levy, the court's only option is to "simply comp[ly] with the levy by turning over the funds to the IRS." Id.

We agree with Judge O'Scannlain's dissent in Badger that allowing the IRS to levy on bail bonds will have a chilling effect on the integrity of the judicial bail system. Id. Defendants who are delinquent taxpayers can be certain that their bond will not be returned regardless of whether they appear before the court, and third parties will be unwilling to post bail funds that are unlikely to be returned.

Nevertheless, neither Hall nor any other potentially interested party contests the United States' argument (doc. 79). Although the bail bondsman received notice of the IRS' levy (doc. 79, ex. 1), he has not responded to the government's motion, or, to our knowledge, otherwise sought to enforce his rights to the bond. Therefore, **IT IS ORDERED GRANTING** the United States' motion to release the $50,000 cash bond to the IRS (doc. 82). The clerk of the court is instructed to release the bond funds to the IRS and to notify all interested parties, including bail bondsman Schureman, of this order.

DATED this 11th day of August, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

(cc: Finance)